```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION


LEE COBB,

         Petitioner,

vs.                               Case No.   2:11-cv-342-FtM-29DNF
                                  Case No.   2:08-cr-41-FTM-29DNF

UNITED STATES OF AMERICA,

         Respondent.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on petitioner Lee Cobb's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #144)[1] and Memorandum of Law (Cv. Doc. #2; Cr. Doc. #145). The United States filed a Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255. (Cv. Doc. #9.) All of the claims relate to assertions of ineffective assistance of counsel or error by the sentencing court in connection with the determination of petitioner's status as an armed career criminal. Finding no ineffective assistance of counsel or sentencing error, the Court will deny the § 2255 petition.

---

[1] The Court will make reference to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

I.

On July 16, 2008, a federal grand jury sitting in the Middle District of Florida returned a four-count Superceding Indictment (Cr. Doc. #44) against Lee Cobb ("petitioner" or Cobb). In Count One, petitioner was charged with possession with intent to distribute a detectable amount of cocaine base, crack cocaine. In Count Two, petitioner was charged with using or making available for use his residence for the purpose of manufacturing, storing, distributing, or using cocaine and crack cocaine. In Count Three, petitioner was charged with distribution of a detectable quantity of cocaine base, crack cocaine. In Count Four, petitioner was charged with possession of a firearm and ammunition in and affecting commerce after having been convicted of nine specifically identified felony offenses.

On October 25, 2008, the government filed a Notice of Government's Intention to Use Defendant's Prior Convictions to Enhance the Penalty for Counts One and Three of the Superceding Indictment (Cr. Doc. #69) pursuant to 21 U.S.C. § 851. This Notice advised that petitioner had previously been convicted of six specifically identified "felony drug offenses," and that upon conviction of Count One and/or Count Three the maximum statutory penalties for those counts would increase to thirty years imprisonment, a fine of up to $2 million, and six years of supervised release. Attached to the Notice were a certified copy

of the charging documents and judgments for each of the prior convictions. (Cr. Doc. #69, Exhs. A-F.)

After a jury trial, petitioner was found guilty of all four counts (Cr. Doc. #91). On March 16, 2009, petitioner was sentenced to concurrent terms of 180 months imprisonment on each of the four counts, followed by concurrent terms of six years of supervised release. (Cr. Doc. #115.) Judgment (Cr. Doc. #116) was issued on March 18, 2009. On March 9, 2010, petitioner's convictions and sentences were affirmed on direct appeal, subject to correction of a clerical error in the final judgment. United States v. Cobb, 369 F. App'x 59 (11th Cir. 2010); Cr. Doc. #137. An Amended Judgment (Cr. Doc. #139) was issued on April 15, 2010. No petition for certiorari was filed.

The matter is now before the Court on petitioner's § 2255 motion, deemed filed on June 8, 2011, the date it was placed in the prison mailing system. Because petitioner is proceeding *pro se*, his pleadings will be liberally construed by the Court. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

The government first asserts that the § 2255 motion is barred by the one year statute of limitations contained in 28 U.S.C. § 2255(f). (Cv. Doc. #39, p. 7.) The Court disagrees.

"When no petition for writ of certiorari is filed, the judgment becomes final for § 2255 purposes when the time for filing

3

the petition expires. Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072, 1075, 155 L. Ed. 2d 88 (2003). A petition for writ of *certiorari* must be filed within 90 days of the day the appellate court's judgment was entered. Sup. Ct. R. 13." Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008). See also Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). The 90-day period starts running from the date of the "entry of judgment, and not the issuance of the mandate." Chavers v. Secretary, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). The Eleventh Circuit judgment in this case was entered on March 9, 2010, and the judgment became final on June 7, 2010, when the 90-day period to file a petition for writ of *certiorari* expired. Petitioner therefore had one year from June 7, 2010, to file his § 2255 petition. 28 U.S.C. § 2255(f)(1).

In computing the one year period, the Eleventh Circuit applies Fed. R. Civ. P. 6(a), and therefore petitioner had until June 8, 2011 to file the § 2255 petition. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)(the date of the triggering order is not included in the calculation). Under the "mailbox rule", petitioner is deemed to have filed the § 2255 petition on June 8, 2011, the date petitioner signed the petition while in custody. (Cv. Doc. #1, p. 13.) See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (under the prison mailbox rule, a *pro se* prisoner's pleading is considered filed on the date it is delivered to prison

4

authorities to be mailed, and absent evidence to the contrary, court presumes that a prisoner delivered his pleading to prison officials on the day it was signed). Therefore, the § 2255 petition was timely filed.

### III.

Petitioner claims his attorney provided ineffective assistance, and the trial court committed error, in connection with the determination of his status as an armed career criminal. For the reasons set forth below, the Court finds that petitioner was not denied his constitutional right to effective assistance of counsel and there was no trial court error in connection with the armed career criminal determination.

#### A. Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing. A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted

5

by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner received effective assistance of counsel in this case and there was no trial court error in connection with the armed career criminal determination. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

**B.   Proceedings in the District Court**

As stated above, petitioner was named in a four-count Superceding Indictment (Cr. Doc. #44). Three counts are relevant to the sentencing issues. In Count One, petitioner was charged with possession with intent to distribute a detectable amount of cocaine base, crack cocaine. In Count Three, petitioner was charged with distribution of a detectable amount of cocaine base, crack cocaine.

In Count Four, petitioner was charged with possession of a firearm and ammunition by a convicted felon. Count Four identified six groups of felony convictions: (1) Four counts of sale or delivery of a controlled substance in 1988; (2) possession of cocaine in 1992; (3) sale or delivery of cocaine and possession of cocaine in 1997; (4) sale, manufacture or delivery of cocaine within 1,000 feet of a place of worship and possession of cocaine in 2002; (5) sale, manufacture or delivery of cocaine within 1,000

feet of a school and possession of cocaine in 2002; and (6) sale, manufacture or delivery of cocaine within 1,000 feet of a place of worship and possession of cocaine in 2002.  Count Four specifically charged that petitioner violated not only 18 U.S.C. § 922(g) but 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (ACCA).  Under the ACCA, a person convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years imprisonment if he has three prior convictions for a violent felony or serious drug offense committed on different occasions.  18 U.S.C. § 924(e)(1).

Prior to trial, the government filed the § 851 Notice (Cr. Doc. #69) identifying the same prior convictions listed in Count Four as being "felony drug offenses" which would increase the statutory penalties for Counts One and Three to thirty years imprisonment upon conviction.

Based on petitioner's prior criminal history, the Presentence Report found petitioner was both a career offender under the Sentencing Guidelines and an Armed Career Criminal under 18 U.S.C. § 924(e). (Presentence Report, ¶¶ 42, 43.)  The Presentence Report also found that petitioner qualified for the statutory enhancement as to Counts One and Three because petitioner had been convicted of the felony offenses identified in the §851 Notice.  (Presentence Report, ¶ 125.)  As either a Career Offender or an Armed Career Criminal, petitioner's Criminal History was Category VI, his Enhanced Total Offense Level was 34, and his Sentencing Guidelines

range was 262 to 327 months imprisonment (Presentence Report, ¶ 126.)

At the sentencing hearing, petitioner stated he had read the Presentence Report and discussed it with his attorney (Cr. Doc. #128, p. 3.) Petitioner did not challenge that he had been convicted of all the offenses identified in the Superceding Indictment and § 851 Notice, and initially admitted he had been convicted of all the offenses. (Cr. Doc. #128, pp. 4-5.) Petitioner then specifically admitted four sets of convictions, corresponding with paragraphs 52, 65, 66, and 67 of the Presentence Report, and said he could not remember the other two paragraphs, paragraphs 56 and 61 of the Presentence Report (id., pp. 5-7) because he had been addicted to drugs and was selling smaller quantities to support his habit (id., pp. 43-44). The Court found that the four convictions petitioner admitted to were sufficient to establish the requirements of § 851. (Id., pp. 7-8.) Petitioner's counsel argued that a sentence below the Sentencing Guidelines range was appropriate, and that the mandatory minimum of 180 months required by the ACCA was sufficient. (Id., pp. 36-37.) Over the government's strong objection (id., pp. 38-42), the undersigned agreed and imposed a sentence of 180 months imprisonment, 82 months below the low end of the Sentencing Guidelines range. (Id., pp. 45, 48.)

**C.  Petitioner's Claims**

**(1)  Failure to Challenge Armed Career Offender Status**

Petitioner asserts that he received ineffective assistance of counsel because his trial attorney failed to challenge his classification as an armed career criminal pursuant to 18 U.S.C. § 924(e).  Specifically, petitioner asserts that his attorney improperly allowed the government to use police reports, docket sheets, and the pre-sentence report to establish he was an armed career criminal.  Petitioner also asserts that counsel provided ineffective assistance by not properly investigating and requesting the government to provide the sentencing court with certified documents from the prior state cases, not requesting the forms of plea agreement, plea colloquy, or sentencing transcripts of the State of Florida predicate offenses, and colluding with the government in overcharging or allowing the government to use predicate offenses that had no factual basis.  (Cv. Doc. #1, p. 4; Cv. Doc. #2, pp. 2-3.)[2]

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984).  "As to counsel's

---

[2]The page references in the § 2255 motion refer to the numbers in the upper right hand corner of the page generated by CM/ECF, and not the page number at the bottom center of the page.

performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)), cert. denied, 131 S. Ct. 177 (2010).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.  To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks and citation omitted). "Rather, the petitioner must show that there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner's claim is refuted by the record. The government provided petitioner's counsel with certified copies of the charging documents and judgments for those offenses identified in the § 851 Notice (Cr. Doc. #69.) These included those offenses which qualified petitioner as an armed career criminal. An attorney is not ineffective for failing to ask for something the government has already provided. The charging document and the judgment of the prior convictions are documents which may properly be utilized to establish a predicate offense under Shepard v. United States, 544 U.S. 13 (2005). Additionally, the Court inquired of petitioner at the sentencing hearing whether he admitted or denied the predicate offenses, and petitioner admitted to four of the offenses.

### (2) Improper Evidence of Armed Career Criminal Status

Petitioner asserts that the district court erred in using the Presentence Report and uncertified police reports, court docket sheets and the presentence report as evidence that petitioner was an armed career criminal. (Cv. Doc. #1, pp. 6-8.) In a related issue, petitioner asserts the district court erred by accepting the presentence report, police reports, and uncertified court documents

11

as evidence to find the predicate offenses qualified as violent felonies under Sentencing Guidelines § 4B1.1. (Cv. Doc. #2, pp. 3-4.)

The record establishes that the sentencing court did not use uncertified police reports of court docket sheets. Rather, certified copies of the charging documents and judgments were utilized, as well as oral admissions by petitioner. Petitioner never objected to the contents of the Presentence Report as to his prior convictions. United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006) (noting that when a defendant fails to object to statements in the Presentence Report despite the opportunity to do so, he is deemed to have admitted those facts). Finally, the court did not find that the prior offenses were violent felonies under Sentencing Guidelines § 4B1.1, but found them to be serious drug offenses.

### (3)  Actual Innocence of Being Armed Career Criminal

Petitioner asserts that he is actually and factually innocent of being an armed career criminal because the record demonstrates that he had only two qualifying predicate offenses, not the three required. Petitioner asserts that there is no factual basis to establish the qualifying predicate offenses because the Presentence Report does not name, identify, or otherwise specify the three qualifying convictions used to find he was an armed career offender. Petitioner argues there is no means to determine what

convictions are relied upon as qualifying offenses. (Cv. Doc. #1, p. 5; Cv. Doc. #2, p. 4). The record establishes that petitioner is not actually or factually innocent of being an armed career criminal.

A person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, committed on different occasions from one another, is subject an enhanced sentence of not less than fifteen years imprisonment. 18 U.S.C. § 924(e)(1). A "serious drug offense" means

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law; . . .

18 U.S.C. § 924(e)(2)(A).[3]

Count Four of the Superceding Indictment (Cr. Doc. #44) identifies all the felony convictions asserted by the government. The Presentence Report found that at least three of these felony convictions were qualifying predicate offenses (Presentence Report, ¶ 42), and this was accepted by the Court (Cr. Doc. #128, p. 35). The record supports this finding. The highlighted convictions set

---

[3]No violent felony offenses are alleged in this case.

13

forth in Count Four of the Superceding Indictment are qualifying serious drug offenses.

The first convictions set forth in Count Four of the Superceding Indictment are:

> (a) Four counts of **Sale or Delivery of a Controlled Substance**, in violation of Florida Statutes Section 893.13, in the Circuit Court, Twentieth Judicial Circuit, in and for Lee County, Florida, in State of Florida vs. Lee Andrew Cobb, Case Number 88-1005CF, on or about August 15, 1988

(Cr. Doc. #44, p. 3.)  These counts of Sale or Delivery of a Controlled Substance constitute serious drug offenses because each one involves the distribution of a controlled substance (cocaine) and each is a second degree felony, Fla. Stat. § 893.13(1)(a)1, and the maximum sentence for a second degree felony is fifteen years imprisonment, Fla. Stat. § 775.082(3)(c).  The record does not reflect that all four offenses were committed on different occasions (Cr. Doc. #69, Exh. A; Presentence Report, ¶ 52) and therefore only one of these convictions may be counted as a serious drug offense.  A certified copy of the charging document and the judgment for these convictions was set forth in the § 851 Notice (Cr. Doc. #69, Exh. A), and the convictions were set forth in the Presentence Report at paragraph 52.  Petitioner admitted this conviction at the sentencing hearing.  (Cr. Doc. #128, p. 5.) Petitioner is not actually innocent of this conviction for purposes of the armed career criminal determination.

The second conviction set forth in Count Four of the

Superceding Indictment was:

> (b) Possession of Cocaine, in violation of Florida Statutes Section 893.13, in the Circuit Court, Twentieth Judicial Circuit, in and for Lee County, Florida, in State of Florida vs. Lee Cobb, Case Number 92-1354CF, on or about November 16, 1992

(Cr. Doc. #44, p. 3.)  Possession of Cocaine is a third degree felony.  Fla. Stat. § 893.13(6)(a).  It is not a "serious drug offense" because the maximum penalty is five years imprisonment, Fla. Stat. § 775.082(3)(d), not the required ten year minimum.

The third conviction set forth in Count Four of the Superceding Indictment was:

> (c) **Sale or Delivery of Cocaine** and Possession of Cocaine, in violation of Florida Statutes Section 893.13, in the Circuit Court, Twentieth Judicial Circuit, in and for Lee County, Florida, in State of Florida vs. Lee A. Cobb, Case Number 96002583CF, on or about April 21, 1997

(Cr. Doc. #44, p. 3.)  The Sale or Delivery of Cocaine conviction constitutes a serious drug offense because it involves the distribution of a controlled substance (cocaine), Fla. Stat. § 893.13(1)(a)1, and the maximum sentence as a second degree felony is fifteen years, Fla. Stat. § 775.082(3)(c).  A certified copy of the charging document and the judgment for this conviction was set forth in the § 851 Notice at Exhibit C, and was set forth in the Presentence Report as paragraph 61.  The Possession of Cocaine conviction is a felony conviction but is not a "serious drug offense" because it is a third degree felony with a maximum penalty of five years imprisonment, Fla. Stat. § 775.082(3)(d), not the

15

required ten year minimum.  Petitioner is not actually innocent of the sale or delivery of cocaine conviction for purposes of the armed career criminal determination.

The fourth conviction set forth in Count Four of the Superceding Indictment was:

> (d) **Sale, Manufacture, or Delivery of Cocaine within 1,000 Feet of a Place of Worship** and Possession of Cocaine, in violation of Florida Statutes Section 893.13, in the Circuit Court, Twentieth Judicial Circuit, in and for Lee County, Florida, in State of Florida vs. Lee Andrew Cobb, Case Number 00001824CF, on or about May 2, 2002

(Cr. Doc. #44, p. 3.)  The Sale, Manufacture, or Delivery of Cocaine within 1,000 Feet of a Place of Worship conviction constitutes a serious drug offense because it involves the distribution of a controlled substance (cocaine), Fla. Stat. § 893.13(1)(e)1, and the maximum sentence as a second degree felony is fifteen years, Fla. Stat. § 775.082(3)(c).  A certified copy of the charging document and the judgment for this conviction was set forth in the § 851 Notice at Exhibit D, and reflects a delivery of cocaine on or about March 31, 2000.  The conviction was set forth in the Presentence Report as paragraph 65.  Petitioner admitted this conviction at the sentencing hearing.  (Cr. Doc. #128, p. 7.) The Possession of Cocaine conviction is a felony conviction but is not a "serious drug offense" because it is a third degree felony with a maximum penalty of five years imprisonment, Fla. Stat. § 775.082(3)(d), not the required ten year minimum.  Petitioner is

16

not actually innocent of the sale or delivery of cocaine conviction for purposes of the armed career criminal determination.

The fifth conviction set forth in Count Four of the Superceding Indictment was:

> (e) **Sale, Manufacture, or Delivery of Cocaine within 1,000 Feet of a School** and Possession of Cocaine, in violation of Florida Statutes Section 893.13, in the Circuit Court, Twentieth Judicial Circuit, in and for Lee County, Florida, in State of Florida vs. Lee Andrew Cobb, Case Number 00001825CF, on or about May 2, 2002

(Cr. Doc. #44, p. 3.) The Sale, Manufacture, or Delivery of Cocaine within 1,000 Feet of a School conviction constitutes a serious drug offense because it involves the distribution of a controlled substance (cocaine), Fla. Stat. § 893.13(1)(c), and the maximum sentence as a first degree felony is thirty years, Fla. Stat. § 775.082(3)(b). A certified copy of the charging document and the judgment for these convictions was set forth in the § 851 Notice at Exhibit E, which reflects a delivery of cocaine on or about April 21, 2000. The conviction was set forth in the Presentence Report as paragraph 66. Petitioner admitted this conviction at the sentencing hearing. (Cr. Doc. #128, p. 7.) The Possession of Cocaine conviction is a felony conviction but is not a "serious drug offense" because it is a third degree felony with a maximum penalty of five years imprisonment, Fla. Stat. § 775.082(3)(d), not the required ten year minimum. Petitioner is not actually innocent of the sale or delivery of cocaine conviction for purposes of the armed career criminal determination.

The sixth conviction set forth in Count Four of the Superceding Indictment was:

> (f) **Sale, Manufacture, or Delivery of Cocaine within 1,000 Feet of a Place of Worship** and Possession of Cocaine, in violation of Florida Statutes Section 893.13, in the Circuit Court, Twentieth Judicial Circuit, in and for Lee County, Florida, in State of Florida vs. Lee Andrew Cobb, Case Number 00001826CF, on or about May 2, 2002.

(Cr. Doc. #44, p. 3.) The Sale, Manufacture, or Delivery of Cocaine within 1,000 Feet of a Place of Worship conviction constitutes a serious drug offense because it involves the distribution of a controlled substance (cocaine), Fla. Stat. § 893.13(1)(e)1, and the maximum sentence as a first degree felony is thirty years, Fla. Stat. § 775.082(3)(b). A certified copy of the charging document and the judgment for this conviction was set forth in the § 851 Notice at Exhibit F, and reflects a delivery of cocaine on or about May 2, 2000. The conviction was set forth in the Presentence Report as paragraph 67. Petitioner admitted this conviction at the sentencing hearing. (Cr. Doc. #128, p. 7.) The Possession of Cocaine conviction is a felony conviction but is not a "serious drug offense" because it is a third degree felony with a maximum penalty of five years imprisonment, Fla. Stat. § 775.082(3)(d), not the required ten year minimum. Petitioner is not actually innocent of the sale or delivery of cocaine conviction for purposes of the armed career criminal determination.

In sum, the record establishes that petitioner has six prior

serious drug offense convictions, and that he admitted at the sentencing hearing to having at least four such convictions. Therefore, petitioner is not actually or factually innocent of being an armed career criminal.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #144) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgement accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of November, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Petitioner